**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**MISS HOLLYWOOD, INC., et al., Appellees.**

**No. 22951.**

United States Court of Appeals Fifth Circuit.

Jan. 4, 1967.

Bessie Margolin, Associate Sol., Dept. of Labor, William Fauver, Atty., Dept. of Labor, Washington, D. C., Charles Donahue, Solicitor of Labor, Robert E. Nagle, Attorney, United States Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, for appellant.

Joseph A. Perkins, Miami, Fla., for appellees.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

PER CURIAM:

The Secretary of Labor sought an injunction under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., to enjoin appellees from violating the provisions of the Act and from withholding back wages alleged to be due 23 employees. The Secretary of Labor appeals from an order of the District Court granting appellees Motion for Dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, which order was entered after the court heard testimony on the issue of whether appellees knew or had reasonable grounds to anticipate that they were producing goods for interstate commerce. United States v. Darby, 1940, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609; D. A. Schulte, Inc., v. Gangi, 1946, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114; Goldberg v. Arnold Brothers Cotton Gin Co., 5 Cir.1962, 297 F.2d 520.

Appellee is engaged in the business of sewing dresses in Hollywood, Florida for Pat Nichols, Inc., a dress manufacturer of Miami, Florida, which company furnished and cut the materials prior to the sewing. Such sub-contractors, of which appellee, Miss Hollywood, Inc., was one, merely sewed the garments. Sherman, the president of Pat Nichols, could not testify as to whether any of the dresses sewed by appellees moved in interstate commerce.

■ The Secretary contends that the following pre-trial stipulation conceded coverage under the Act: "During the period since October 1, 1963, Pat Nichols, Inc., regularly shipped substantial quantities obtained from the defendants to places outside the State of Florida." But this does not conclude the issue because it does not state that the appellees knew or should have known of the interstate shipments. In fact, as part of the very same pre-trial stipulation, the parties said that one of the issues which remained to be litigated at trial was "Whether or not employees of defendants by virtue of their duties were engaged in commerce or in the production of goods for commerce within the meaning of the Act."

This clearly demonstrates, in our opinion, that the stipulation of the fact that Pat Nichols, Inc., shipped goods in interstate commerce was not regarded by either party as concluding the issue of whether the appellees knew or should have known of the shipments. It ill becomes the Secretary to claim otherwise. Further, the pre-trial order itself again demonstrates that the Court and the parties did not feel that the fact stipulation concluded the issue. That order reads in part:

"The defendants insist *and the Government agrees* that the Government must prove each and every material allegation of this complaint, including the inadequacy of the bookkeeping records, the matter of wages and hours, overtime and, *more importantly, the fact that these people were at the time involved, engaged in the production of goods for commerce.*" [Emphasis added.]

■ Nothing in the record could possibly be used to support a finding that defendants knew or should have known of the interstate consequences of their business. The law does not require clairvoyance or telescopic vision. Finally, we cannot take judicial notice of the interstate nature of the Miami clothing business.[1]

Affirmed.

---

1. This is not a situation like that in D. A. Schulte, Inc., v. Gangi, supra, in which the Court said: " * * * We will take judicial notice, as a matter of common knowledge, that New York City produces more garments for interstate shipment than any other city in the Nation. Eleven of the twelve tenants were contractors who furnished labor on goods sent in to them so as to produce clothing articles eventually distributed in interstate commerce. The twelfth was a manufacturer with offices, salesroom and shipping rooms elsewhere in New York. There was no specific evidence that the four contractors, upon whose status petitioner bases his argument, ever knew that their goods were intended to be or eventually were shipped interstate. There is clear evidence that each business organization for which these four tenants did produce these clothing articles shipped a major proportion of the articles so produced by these tenants in interstate commerce in the regular course of their business. The production of these articles by the tenants for non-tenants was the regular business of the tenants. The shortest occupancy of space by any of the four was five years and eleven months." 328 U.S. at 120, 66 S.Ct. at 931, 90 L.Ed. at 1122. Miami is not New York.